# United States District Court
# Central District of California

| | |
|---|---|
| CHRISTIAN PEICH, an individual,<br><br>Plaintiff,<br><br>v.<br><br>FLATIRON WEST, INC., a Delaware Corporation; and DOES 2–20, inclusive,<br><br>Defendants. | Case No. 5:16-cv-00540-ODW-DTB<br><br>**ORDER DENYING PLAINTIFF'S MOTION TO REMAND AND MOTION TO STAY [10]** |

## I.  INTRODUCTION

Plaintiff Christian Peich, a citizen of California, moves to remand this action to the Superior Court of California, County of San Bernardino, for lack of diversity. (ECF No. 10.)  Defendant Flatiron West, Inc. ("FWI") opposes the Motion to Remand, arguing that it is a citizen of Delaware and Colorado and thus completely diverse from Plaintiff.  (ECF No. 15)  Plaintiff also argues that the present matter should be stayed until another matter involving the same parties is resolved in the Superior Court of California, County of San Bernardino.  (ECF No. 10.)  The Court **DENIES** Plaintiff's Motion to Remand and Motion to Stay.[1]

## II.  FACTUAL BACKGROUND

Plaintiff resides in San Bernardino, California.  (FAC ¶¶ 2, 4, ECF No. 1-1.)  Flatiron Construction Corporation ("FCC") is the parent company of FWI.  (Mot. 3, ECF No. 10-1.)  FCC is incorporated in Delaware and headquartered in Colorado. (Decl. Lee Ex. D, ECF No. 10-2.)  FWI is incorporated in Delaware and also claims to be headquartered in Colorado.  (FAC ¶ 12; Mot. Ex. E.)  FWI maintains offices in

---

[1] After carefully considering the papers filed in support of the Motion, the Court deems the matter appropriate for decision without oral argument.  Fed. R. Civ. P. 78; L.R. 7–15.

Arizona, California, and Washington. (Mot. Ex. E.) FWI's California offices are in Benecia, San Diego, and San Marcos. (Mot. 5.)

FWI and FCC share a single Chief Executive Officer, Chief Operating Officer, Chief Financial Officer, Treasurer, and General Counsel, all of whom are located in Colorado. (Pickett Decl. ¶ 15.) FWI's executive officers administer the corporation's payroll, human resources, accounting, financing, and legal functions from Colorado. (*Id.* ¶ 20.) Additionally, FWI and FCC share an administrative staff located in Colorado. (*Id.* ¶ 16.) This administrative staff sets FWI's corporate policies. (*Id.*)

Since 1996, Plaintiff has been an off-and-on employee, consultant, subcontractor, and equipment licensor for FWI. (FAC ¶ 12.) Around December 2008, FWI approached Plaintiff again about becoming an employee of FWI. (*Id.* ¶ 13.) At that time, Plaintiff solely owned C.M. Peich, Inc. ("CMPI") and co-owned P&P Equipment, LLC ("P&P") with his father. (*Id.* ¶ 14, 15.) Around May 2010, FWI and Plaintiff entered into the following agreements: (1) an equipment rental agreement with P&P; (2) an agreement to sell certain CMPI assets to FWI; and (3) lease agreements with Plaintiff's other affiliated companies for properties in Chino, California. (*Id.* ¶ 18.) Plaintiff negotiated these agreements with FWI's management and authorized agents, and FWI's executive committee and corporate counsel reviewed and approved these agreements. (*Id.* ¶ 19.)

Plaintiff's father continued to handle day-to-day operations at P&P and Plaintiff's other affiliated companies for the duration of the rental agreement. (*Id.* ¶ 21.) Under the equipment rental agreement, P&P was entitled to the right of first refusal before other companies would be allowed to accept offers on FWI projects. (*Id.* ¶ 23.) However, FWI began to solicit and work on construction projects without first giving P&P the opportunity to bid on those projects. (*Id.* ¶ 24.) Soon after, P&P notified FWI that they had breached the right of first refusal. (*Id.* ¶ 25.) The breach of the right of first refusal is the subject of a lawsuit currently being litigated in the Superior Court of California, San Bernardino County. (*Id.* ¶ 25, *P&P Equip. v.*

*Flatiron West, Inc.*, No. CIVDS1502323.)

Defendants claim they discovered Plaintiff was an officer of P&P on or around January 23, 2015. (FAC ¶ 30.) On February 9, 2015, FWI terminated Plaintiff claiming that there was a conflict of interest between Plaintiff's association with P&P and Plaintiff's employment with FWI. (*Id.* ¶ 31.)

Plaintiff received regular raises and good reviews during his employment with FWI. (*Id.* ¶ 32.) Plaintiff claims that he worked approximately sixty-eight hours a week and worked through lunch most of the time, seldom taking two breaks each day. (*Id.* ¶ 34.) For his efforts, Plaintiff received a $216,000 yearly base salary in addition to benefits and cash bonuses. (*Id.* ¶ 35.)

On March 3, 2016, Plaintiff filed a First Amended Complaint alleging: (1) retaliation for off-duty activities, failure to reimburse, wrongful termination for making legally protected complaints, wrongful termination in violation of public policy, intentional infliction of emotional distress, unfair business practices, and failure to pay overtime, meal periods, and rest periods. (*Id.* ¶¶ 42, 52, 59, 70, 88, 95, 100, 107, 112, 122.) Plaintiff seeks loss of past and future earnings, consequential and incidental damages, reimbursement, general and special damages, restitution, punitive damages, and attorney's fees and costs. (*Id.* ¶ 131.)

On May 18, 2016, Plaintiff filed a Motion to Remand and a Motion to Stay. (ECF No. 10.) In his Motion to Remand, Plaintiff asks that the Court return this matter to the state court where he and his father have a pending action against FWI. (Mot. 7; *see P&P Equip. v. Flatiron West*, CIVDS1502323.) On June 16, 2016, Defendant filed its Opposition. (ECF No. 16.) Plaintiff filed a Reply on June 24, 2016. (ECF No. 17.) Plaintiff's Motions to Remand and Motion to Stay are now before the Court for decision.

### III. LEGAL STANDARD

A suit filed in state court may be removed to federal court only if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). The

removal statute is strictly construed against removal, and "[f]ederal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). The party seeking removal bears the burden of establishing federal jurisdiction. *Durham v. Lockheed Martin Corp.*, 445 F.3d 1247, 1252 (9th Cir. 2006).

Federal courts have subject matter jurisdiction only as authorized by the Constitution and Congress. U.S. Const. art. III, § 2, cl. 1; *see also Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Federal courts have original jurisdiction where an action arises under federal law, 28 U.S.C. § 1331, or where each plaintiff's citizenship is diverse from each defendant's citizenship and the amount in controversy exceeds $75,000, *id.* § 1332(a).

For purposes of diversity, a corporation is both a citizen of the state where it is incorporated and a citizen of the state where it maintains its principal place of business. 28 U.S.C. § 1332(c); *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373 (1978); *Breitman v. May Co. Cal.*, 37 F.3d 562, 564 (9th Cir. 1994). Unincorporated divisions of a company take on the corporate parent's principal place of business, while wholly owned subsidiaries maintain their own principal place of business. *See Schwartz v. Electronic Data Systems, Inc.*, 913 F.2d 279, 284 (6th Cir. 1990); *see also Breitman*, 37 F.3d at 564 (finding that an unincorporated division of a parent company's citizenship for diversity purposes is that of the parent company and not the unincorporated division); *see also U.S.I. Properties Corp. v. M.D. Const. Co.*, 860 F2d 1, 7 (1st Cir. 1988); *L'Garde, Inc. v. Raytheon Space & Airborne Sys.*, 805 F. Supp. 2d 932, 939 (C.D. Cal. 2011) ("Ninth Circuit precedent holds that, unlike a legally incorporated subsidiary, an unincorporated division of a corporation does not possess the formal separateness required and is therefore not an independent entity for jurisdictional purposes."). To determine a corporation's principal place of business, courts apply the nerve center test. *Hertz Corp. v. Friend*, 559 U.S. 77, 91 (2010) (the court must determine whether a defendant has adequately pled the location of its

headquarters or its "actual center of direction, control, and coordination.").

## IV. DISCUSSION

### A. Motion to Remand

Plaintiff moves to remand this action to state court for lack of diversity. (Mot. 3–5.) Plaintiff as a resident of San Bernardino, California is a citizen of California for diversity purposes. The question is whether FWI is also a citizen of California. To begin, Plaintiff argues that FWI is a wholly owned subsidiary of FCC and thus maintains its own principal place of business separate and apart from that of its owner FCC. (*Id.*) Plaintiff further argues that FWI's principal place of business is California because it has employees and offices in the state. (*Id.*) The Court agrees with Plaintiff that FWI is a wholly owned subsidiary, but it disagrees that California is FWI's principal place of business.

#### 1. Corporate Division Versus Wholly Owned Subsidiary

Here, FWI is a wholly owned, separately incorporated subsidiary of FCC, not an unincorporated division of FCC. (Pickett Decl. ¶ 4; Mot., Exs. G, H.) Therefore, its principal place of business must be determined independently of FCC's principal place of business. *See Breitman*, 37 F.3d at 564 (noting that a wholly owned subsidiary's principal place of business is separate from its parent company's principal place of business).[2]

#### 2. Evaluating FWI's Principal Place of Business Using the Nerve Center Test

In evaluating a corporation's principal place of business using the nerve center test, courts consider several factors including where the corporation's chief executive officer "resides and maintains" his or her office, where the other officers reside, where

---

[2] FWI's reliance on an alter ego theory is misplaced. (Opp'n 3–5.) That concept pertains to personal jurisdiction. The alter ego theory is a tool to impute a subsidiary's minimum contacts to the parent company where the subsidiary is the parent's alter ego or general agent of the parent company by looking at the unity and interest of ownership between two related companies. *Harris Rutsky & Co. Ins. Servs. v. Bell & Clements Ltd.*, 328 F.3d 1122, 1134 (9th Cir. 2003).

the corporation's "high level decisions" are made, and where the corporation's "finance and accounting functions" are performed. *In re Hydroxycut Mktg. & Sales Practices Litig.*, No. 09MD2087-BTM(AJB), 2010 WL 2998855, at *3 (S.D. Cal. July 29, 2010); *see also L'Garde, Inc.*, 805 F. Supp. 2d at 940–41 (finding defendants pleaded sufficient facts under the nerve center test to establish Massachusetts as their principal place of business where the corporation's executive-level decisions were made at their Massachusetts' office, five of its twelve executive officers including its CEO, worked out of the Massachusetts' office, and its human resources, information technology, and finance departments originated from the Massachusetts' office).

The Court agrees with FWI that its principal place of business is Colorado under the nerve center test. (Opp'n 5; Pickett Decl. ¶ 7.) FWI and FCC share their CEO, COO, CFO, Treasurer, and General Counsel, all of whom are located in Colorado. (Pickett Decl. ¶ 15.) Overall, seven of its twelve executive officers reside and maintain offices in Colorado. (*Id.* ¶ 15.) Further, FWI and FCC share corporate policies set by an administrative staff located in Colorado. (*Id.* ¶ 16.) Moreover, FWI's executive officers administer the corporation's payroll, human resources, accounting, financing, and legal functions from Colorado. (*Id.* ¶ 20.) Finally, FWI's human resources and finance departments originate in Colorado. (*Id.* ¶¶ 6, 8, 9, 20.) Accordingly, the Court finds that FWI's principal place of business is Colorado. *In re Hydroxycut*, 2010 WL 2998855, at *3; *L'Garde, Inc.*, 805 F. Supp. 2d at 940–41. As Plaintiff is a citizen of California and FWI is a citizen of Delaware and Colorado, there is complete diversity. Consequently, the Motion to Remand is **DENIED**.

**B. Motion to Stay**

Plaintiff also argues that the instant case should be stayed pending resolution of his case against FWI in state court. (Mot. 7.) The *Colorado River* doctrine provides that District Courts may abstain from hearing a case "in favor of ongoing, parallel state proceedings in cases where 'considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of

litigation' clearly favor abstention." *Ackerman v. Exxonmobil Corp.*, 734 F.3d 237, 248 (4th Cir. 2013) (quoting *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800 (1976). However, for the doctrine to apply, the two cases must be "substantially similar." *Holder v. Holder*, 305 F.3d 854, 867 (9th Cir. 2002). If there is "substantial doubt" that the state court case will not be an "adequate vehicle for the complete and prompt resolution of the issues" in the District Court case then a stay would be improper. *Id.* at 868–69.

In this instance, the state court case and the parallel federal case are not substantially similar. While the two cases share the same parties and some of the same factual nucleus, the similarities end there. The state court case concerns a breach of contract and fraud in an equipment rental agreement between FWI and P&P, while the instant case concerns retaliatory firing, failure to reimburse, wrongful termination, intentional infliction of emotional distress, unfair business practices, and failure to pay overtime, meal periods, and rest periods. (FAC ¶¶ 38–130.) Although Plaintiff claims that resolution of the right of first refusal issue in state court would affect his case before the Court, he has not adequately developed the connection between the two cases at this time. (Mot. 7–9; Reply 6–9.). Therefore, Plaintiff's Motion to Stay is **DENIED**.[3]

### V. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion to Remand and Motion to Stay.

**IT IS SO ORDERED.**

November 9, 2016

_____
**OTIS D. WRIGHT, II
UNITED STATES DISTRICT JUDGE**

---

[3] As the Court finds that the cases are not substantially similar, it declines to analyze the present case under the *Colorado River* factors.